# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2021

Lyle W. Cayce
Clerk

No. 21-10515
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL ANGEL SAUSTEGUI-PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-376-4

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

The attorney appointed to represent Miguel Angel Saustegui-Perez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Saustegui-Perez has filed a response.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10515

In his response, Saustegui-Perez asserts on several grounds that he was denied the effective assistance of counsel at trial and on appeal. To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that his attorney's performance was deficient, and the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, a 28 U.S.C. § 2255 proceeding is the favored forum for litigating a federal prisoner's claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 503-09 (2003). We will consider a claim of ineffective assistance of counsel on direct appeal "only in rare cases in which the record allows [us] to fairly evaluate the merits of the claim." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).

Among Saustegui-Perez's arguments are claims that he was denied the effective assistance of counsel because (1) his trial attorney did not object during the guilty plea colloquy to the magistrate judge's alleged failure to comply with Federal Rule of Criminal Procedure 11(b)(1)(D), (H), and (M); (2) the cumulative effects of his trial attorney's ineffective assistance during the guilty plea colloquy and the magistrate judge's Rule 11 errors rendered his guilty plea and waiver of appeal invalid; and (3) his appellate counsel rendered ineffective assistance by failing to argue that he was not precluded by the appeal waiver from arguing in a § 2255 proceeding that his trial counsel's ineffective assistance affected the knowing and voluntary nature of his guilty plea. The record is sufficient for us to fairly evaluate the merits of those claims.

Appellate counsel did not perform deficiently by failing to address the scope of Saustegui-Perez's appeal waiver as to a § 2255 proceeding. That issue is irrelevant to whether Saustegui-Perez has a nonfrivolous issue that he may raise on direct appeal.

No. 21-10515

The record reveals only one Rule 11 violation. When advising Saustegui-Perez that he had a right to counsel, the magistrate judge did not explain that the right extended to all stages of the proceeding and an attorney would be appointed if necessary. *See* Fed. R. Crim. P. 11 (b)(1)(D). Even if Saustegui-Perez's attorney was deficient for failing to object to that omission, there is nothing to indicate by a reasonable probability that, but for counsel's deficient performance, Saustegui-Perez would not have entered a guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As such, Saustegui-Perez's ineffective assistance of counsel claims regarding alleged Rule 11 errors do not present a nonfrivolous issue for appeal.

The record is not sufficiently developed for this court to consider the merits of Saustegui-Perez's remaining claims of ineffective assistance of counsel. We decline to consider those claims without prejudice to Saustegui-Perez raising them in a § 2255 proceeding. *See Isgar*, 739 F.3d 841.

Having reviewed counsel's brief, Saustegui-Perez's response and allegations of error in the district court proceedings, and the relevant portions of the record, we concur with counsel's assessment that Saustegui-Perez's appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5th Cir. R. 42.2.